REMAND/JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-995-GW (SPx) | Date | June 16, 2016 |
|---|---|---|---|
| Title | *Phyllis Vaughan Family Trust v. Michelle Thomas, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Kamilla Sali-Suleyman | None Present | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):   ORDER REMANDING ACTION TO STATE COURT**

Phyllis Vaughan Family Trust ("Plaintiff") sues Michelle and Michael Thomas ("Defendants") for a claim of unlawful detainer. *See* Complaint ¶¶ 1, 6. Michael Thomas, *in pro per*, removed this action from Riverside County Superior Court to this Court on May 12, 2016, pursuant to 28 U.S.C. § 1441. *See* Notice of Removal ¶¶ 1, 8. Defendants claim that federal question jurisdiction exists because the Plaintiff's lawsuit violates federal anti-discrimination laws, "including but not limited to the Section 1983 of the federal Civil Rights Acts of 1964." *See* Notice of Removal ¶ 4. The Court remands this matter because Defendants have not demonstrated that the Court has subject matter jurisdiction over this case.

Federal courts possess limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congressional statute. *See, e.g.*, *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction, and the party claiming federal jurisdiction bears the responsibility of proving otherwise. *See id.* (citing *Tuner v. Bank of North-America*, 4 U.S. 8, 4 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and "[t]he removal statute is strictly construed against removal jurisdiction," making this responsibility a substantial one. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citing *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 32 (2002); *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal in the first instance.") (omitting internal citations).

Furthermore, federal courts have an independent duty to analyze whether subject matter

:

| Initials of Preparer | KSS |
|---|---|

REMAND/JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-995-GW (SPx) | Date | June 16, 2016 |
|---|---|---|---|
| Title | *Phyllis Vaughan Family Trust v. Michelle Thomas, et al*. | | |

jurisdiction exists, regardless of whether a party raises the issue. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999), *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) (citing *Feidt v. Owens Corning Fiberglas Corp.*, 153 F.3d 124, 128 (3d Cir. 1998)). Moreover, a court may remand a case summarily on jurisdictional grounds, without giving the parties an opportunity to address the issue. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (omitting internal citations).

Subject matter jurisdiction exists over claims "arising under" federal law. *See* 28 U.S.C. § 1331. A claim arises under federal law if it satisfies the "well-pleaded complaint rule . . . [where] a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). As such, "a case may not be removed to federal court on the basis of a federal defense." *Id.* at 393; *see also Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (holding that federal jurisdiction also cannot "rest upon an actual or anticipated counterclaim").

Here, Plaintiff filed the Complaint in Riverside County Superior Court, asserting a single claim of unlawful detainer that falls exclusively under California law and therefore presents no federal question on its face. Defendants' argument that Plaintiff is in violation of federal anti-discrimination statutes constitutes a defense (or perhaps a counterclaim), which does not arise from the Complaint and therefore cannot provide a convincing basis for federal question jurisdiction. As such, this case cannot meet the standard for federal jurisdiction.

Nor is diversity jurisdiction present (and Thomas has not claimed that it is), considering that Defendants' Notice of Removal identifies both Plaintiff and Defendants as citizens of the State of California. *See* Notice of Removal ¶¶ 2-3. Moreover, the amount in controversy falls far short of the required $75,000 required to permit diversity jurisdiction; requested damages amount to $2150 in unpaid rent, in addition to attorneys' fees and damages in the amount of the fair rental value of $71.67/day, from April 1, 2016 through every day that Defendants remain in possession of the premises until entry of judgment. *See* Compl. ¶¶ 11, 17.

:

Initials of Preparer    KSS